### COLT'S PATENT FIREARMS MFG. CO. v. WESSON et al.

(Circuit Court, D. Massachusetts. April 21, 1903.)

#### No. 1,182.

1. PATENTS—VALIDITY AND INFRINGEMENT—SAFETY DEVICE FOR REVOLVERS.
 The Felton patent No. 535,097, for a safety device for revolvers, construed, and claim 1 *held* void for lack of invention, as showing merely the use of an old combination to perform an old function, and also for anticipation by the Galand French patent of addition of 1894; claims 2 and 3, when limited to the actual features of novelty in the device shown, *held* not infringed.

In Equity. Suit for infringement of letters patent No. 535,097, for a safety device for revolvers, granted to F. B. Felton March 5, 1895. On final hearing.

William A. Redding, for complainant.

William K. Richardson and J. L. Stackpole, for defendants.

BROWN, District Judge. This suit is for infringement of letters patent No. 535,097, to F. B. Felton, for a "safety device for revolvers," issued March 5, 1895. Claims 1, 2, and 3 are in issue:

"(1) In a revolver in which the cylinder is arranged to swing laterally outward and inward from and to its recess in the frame, the combination of a holding device to confine the cylinder in its recess, adapted to be operated at will to release the cylinder, and a movable connection between said holding device and the firing mechanism, operated by the movements of said holding device to lock and release the firing mechanism, substantially as set forth.

"(2) In a revolver the combination of a cylinder arranged to swing laterally outward and inward from and to its recess in the frame, a holding device to confine the cylinder in its recess, and adapted to be moved at will to release it, a firing mechanism for said revolver, and a lever arranged between said holding device and said firing mechanism, one end of said lever engaging with said holding device and the other with a movable part of the firing mechanism, and said lever being operated by the movements of said holding device to lock and release the firing mechanism, substantially as and for the purpose set forth.

"(3) In a revolver in which the cylinder is arranged to swing laterally outward and inward from and to its recess in the frame, the combination of a latch on the frame, constructed to confine the cylinder in its recess, and adapted to be moved at will to release it, and a lever, connected with said latch and constructed and arranged to stand in the path of a movable part of the firing mechanism so as to prevent the operation of said firing mechanism when the said latch is in the position to release the cylinder, substantially as and for the purpose set forth."

The complainant says that this patent "is for a safety device for revolvers of a particular class," and the specification states:

"My invention relates to an improvement in that class of revolvers in which the cylinder is journaled upon a crane arranged upon an axis below the cylinder, and parallel with the axis of the cylinder, so that the crane and the cylinder may be turned laterally outward from the frame, for loading, or for the ejection of shells."

The specification further states:

"The object of my invention is to provide such a connection between the cylinder and the lock or firing mechanism that the crane and cylinder cannot

be turned laterally out of their normal position in the frame while the lock is cocked, that is, in the firing position, and that, should the lock be cocked when the crane and cylinder have been turned out of the frame, these cannot be returned to their normal position until the lock has been uncocked or brought to its position of rest."

The complainant contends that this paragraph does not fully set forth the objects or purposes of the invention; and upon its brief says that the primary and important purposes for which the safety device was invented were: First, to lock the firing mechanism simultaneously with the release of the cylinder by the manual operation of a sliding latch, at the will of the operator, so that, whenever the cylinder is unlocked and partially or wholly within the recess and frame, the firing mechanism is inoperative; second, to automatically release the firing mechanism, and automatically lock and center the cylinder simultaneously by the automatic operation of the sliding latch when the cylinder is in the firing position within the recess in the frame, so that, by the automatic operation of locking and centering the cylinder in the firing position, the firing mechanism will be automatically released and be operative.

The Felton safety device is applied to a regular type of Colt revolver, and the firing mechanism and the breech-holding device are shown in Fig. 2 of the prior Ehbets patent, No. 392,503. This revolver is of the well-known side-swing type, in which the cylinder is fixed on a swinging crane, and has lateral movements inward and outward. Revolvers of the prior art have different movements in disengaging the cartridge cylinder from firing position. There are "revolvers with rigid arms and laterally swinging cylinders, in which the barrel and stock are rigidly connected by a frame in which is a recess to receive the cylinder"; "revolvers with cylinders turning sidewise, in which the cylinder is supported on a pivoted arm arranged to turn sidewise"; "revolvers with sliding barrels and cylinders, in which the cylinder slides forward and rearward"; "revolvers with barrels and cylinders swinging sidewise"; "break-down revolvers"; "tip-up revolvers"; "revolvers with cylinders rotating on fixed axes, in which the cylinder has no movement other than the rotating movement." The prior art also shows breech-loading guns, in which the breech mechanism may be opened to permit the insertion of the cartridges, and in which the breech mechanism may be locked in or released from the firing position by a holding device.

An idea common to various firearms of the prior art, containing the two well-known elements of a firing mechanism and a breech-holding device or bolt, was to combine a safety device with a holding bolt in such a way that the safety device should be moved by the bolt, and should block the movement of the firing mechanism when the breech was not fastened in firing position. It was also old to so arrange the safety device that its movement and the movement of the breech-holding device connected with it were obstructed when the firing mechanism was cocked, thus preventing the locking of the breech when the arm was cocked. The Felton safety device was an application of the familiar idea of a movable connection between the holding bolt and firing mechanism to the Colt revolver, which contained a bolt which locked and centered the cylinder. A pivoted part is so connected with

this bolt that, when the bolt is retracted and the cylinder released, the safety device is moved by the bolt to engage a stop or pin on the hammer, and, when the cylinder is swung into place and automatically locked, the movement of the bolt being imparted to the safety device causes it to move out of engagement with the stop and to free the firing mechanism.

In applying a safety device to a revolver of any class, the mechanical problem is how to construct it so that the movements of the holding device will lock and unlock the firing mechanism. The broad idea of a safety connection between the holding device and firing mechanism had been so often exemplified in the prior art as to become generic and to contain no novelty. Examples are the Strong patent, No. 38,644, Hurst & Schultz patent, No. 312,564, both of which relate to breech-loading guns; the Carter British patent, No. 1,820, of 1884,. the Wesson patent, No. 429,397, the Mauser patent, No. 213,221, the Moore patent, No. 264,325, the Dimancea British patent, No. 9,973,. of 1885, which relate to revolvers.

Regarded as a safety device, it is apparent that Felton's safety device differs from those of the prior art only in the manner in which the holding device and firing mechanism are combined, and that the scope of the invention cannot be broadened by attributing to Felton any advantages which result from a particular kind of holding device or a particular kind of firing mechanism. In argument, counsel have shown the facility with which the cylinder of the side-swing Colt revolver may be swung into and locked in firing position; but this is equally true whether the revolver is provided with a safety device or not. The addition of a safety device to the Colt revolver did not affect the function of confining the cylinder in firing position, or the operation of releasing the cylinder, save in preventing the cylinder from being locked while the arm was cocked, and preventing the action of the firing mechanism while the cylinder bolt was released and the cylinder was in the frame. There was no invention in the broad idea of applying to a firearm of any well-known class a safety device operated by a holding device, and locking and unlocking according to the movements of the holding device; and no evidence has been presented to show that one who desired to provide a safety device for a side-swing revolver found this problem in any way complicated by the fact that the cylinder was centrally held and supported by the holding device, and swung laterally in and out, or by the fact that the holding device was one that automatically locked the cylinder.

The complainant lays considerable emphasis on the fact that in a Colt side-swing revolver provided with Felton's safety device the firing mechanism is released simultaneously and automatically when the cylinder is locked in position. Felton was, however, not the first to make a revolver in which the firing mechanism was automatically released by locking the cylinder in position. It was old to have the locking of the cylinder in position release the firing mechanism. The manner in which the holding mechanism operates, therefore, seems immaterial. The invention of a safety device, as Mr. Livermore, defendants' expert, says, "involves only the combination between the firing mechanism and the holding device of the breech mechanism, and

is wholly unaffected by the character of the movement that may be employed in opening and closing the breech when released by the holding device." Mr. Foster, complainant's expert, is of the opinion that if the old safety device is transferred from one class of revolver to another, so as to effect a result in the latter class not attained in the first, it makes a new combination. But it has not been made to appear that a safety device, when transferred from a breech-loading gun, or from revolvers of other classes, does as a safety device effect in the side-swing revolver any function which the safety device itself did not effect in the revolvers of the prior art. The safety device itself does not effect the automatic locking of the cylinder or the release of the cylinder. When the complainant says, therefore, that it is a characteristic of Felton's invention that his firing mechanism is released simultaneously with swinging the cylinder into firing position, this means but little. Felton, in seeking to make a movable connection between the old Colt holding device and the firing mechanism, took the movements of the holding mechanism of the old Colt revolver as he found them. It being a familiar thing in the art that the movements of the holding device automatically control the movements of the safety mechanism, the Felton revolver presents simply the old idea of a safety device conforming to the movements of the holding device. As it was old to have the locking of the holding device and the release of the firing mechanism simultaneous, Felton's invention cannot be enlarged by reason of the fact that the Colt holding bolt acts automatically in locking the cylinder.

The patent is for a safety device for a revolver. The complainant attempts to construe it as for the combination of a Colt automatically locking bolt with a safety device, and to attribute to Felton the various advantages of the old Colt revolver which are due, not to any novel function of the safety device, but to the particular kind of a holding bolt.

The principal features upon which the complainant relies in its argument are features upon which no stress whatever is laid in the patent, and the argument is open to the suspicion which always arises when an expert finds in an invention primary and important features concerning which the patentee was silent in his application. The reiterated assertion that this patent is for a safety device for revolvers of a particular class does not make it appear that the use of a safety device in revolvers of this particular class was anything more than a bare case of double use. It is no answer to the defendants' examples of exactly the same combination of elements, performing exactly the same functions, to reiterate the statement that revolvers not of the side-swing type are obviously entirely dissimilar. It seems clear that for the purposes of this case the direction in which the cylinder moves is not material to the safety combination, save, perhaps, to accent the difference between the operation of the complainant's and defendants' devices.

It is impossible to sustain claim 1 in the face of the evidence as to the prior art, because the complainant has entirely failed to show that the application of a safety device consisting of a movable connection between the holding device and firing mechanism was any-

thing more than the same thing which was familiar in revolvers of many different types, as well as in other firearms. Simultaneous action of holding device and safety device was old. Whether the action of the holding device is automatic or nonautomatic does not affect the principle of the safety device. Because the holding device has an automatic movement, it does not follow that we can say with propriety that the safety device has a new automatic movement. The automatic feature is no more present in Felton's safety device than it is in many of the devices of the prior art. A safety device attached to an automatic bolt will follow the movements of the automatic bolt, but will have the same dependent movements as exist in the prior art. It is automatic in no other sense than are several of the old safety devices. The automatic feature of the Colt side-swing revolver as a whole is the automatic closing without a manual operation. The idea of applying a safety device to a revolver of the side-swing type was not a novel nor an inventive idea.

In Western Electric Co. v. La Rue, 139 U. S. 601, 11 Sup. Ct. 670, 35 L. Ed. 294, it was held that, "while the promotion of an old device, such, for instance, as a torsional spring, to a new sphere of action in which it performs a new function, involves invention, the transfer or adaptation of the same device to a similar sphere of action where it performs substantially the same function does not involve invention." See also, Pennsylvania R. R. v. Truck Co., 110 U. S. 490, 4 Sup. Ct. 220, 28 L. Ed. 222. It seems clear that the old combination of a holding device to confine the cylinder in its recess, a movable connection between said holding device and firing mechanism operated by the movements of said holding device to lock and release the firing mechanism, set forth in claim 1, was not patentable merely because of the preamble to Felton's claim saying that the combination was to be used in a revolver of the side-swing type. In Frederick R. Stearns & Co. v. Russell, 29 C. C. A. 121, 85 Fed. 218, the opening words of the claim were, "In pill-dipping mechanism." The court said:

"We think those words are only used to define the useful purpose to which the patentee intended his device to be devoted, and cannot bear the construction by which all the other substances and parts used in dipping pills may be considered as making up the combination claimed."

It has been made to appear clearly that Felton, in providing the side-swing revolver with a safety device, did substantially what had been done before in other types of revolvers. We think this is sufficient to invalidate claim 1.

The defendants, however, present the Galand French patents, that of October 18, 1893, and the patent of addition of November 23, 1893, issued February 15, 1894, which show a side-swing revolver provided with a safety device connected to a cylinder holding device, which confines the cylinder in its recess and is operated at will to release the cylinder, and which safety device is operated by movements of the holding device to lock and release the firing mechanism. The distinction that the Galand holding device does not center the cylinder seems incorrect, but is of no consequence. Nothing is said about centering the cylinder in the Felton patent, and that is no part of Felton's in-

vention. The holding device was not novel with Felton, but existed in the old Colt revolver. Nor do I find in the 18 pages of the complainant's brief which are devoted to this patent any points which seem of any consequence upon the question whether the Galand patent of addition anticipates claim 1.

Claim 2 is for a combination which includes a lateral swinging cylinder, a holding device, firing mechanism, a lever arranged between the holding device and firing mechanism, one end of the lever engaging with the holding device and the other with a movable part of the firing mechanism, the lever being operated by the movements of the holding device to lock and release the firing mechanism. It is exceedingly doubtful whether this can be sustained as a combination claim. The specification of a lateral movement of the cylinder introduces no substantial novelty. If it can be sustained at all, it is by reason of the specific description of the manner in which the lever is arranged.

Claim 3 contains an introductory recital similar to that of the first claim, and claims the combination of a latch on the frame to confine the cylinder, a lever connected with the latch, and arranged to stand in the path of a movable part of the firing mechanism so as to prevent the operation of the firing mechanism when the latch is in the position to release the cylinder. Unless limited to the specific construction, this claim presents nothing that was not in the prior art.

The defendants' device is not within the terms of claims 2 and 3. While embodying the general idea of a side-swing revolver provided with safety mechanism, it must be regarded as a substantially different construction. The cylinder holding device used by the defendants is of old construction, and different from that of the Colt side-swing revolver. It consists of a sliding pin carried by the cylinder. The safety device is not, like the complainant's, permanently connected to the holding device, but is connected to the release slide. When the defendants' cylinder is swung open, the holding device is carried with it, and the safety locking function is performed by a part connected with the release slide. The safety device is combined directly with the release slide. When the release slide is pressed forward to release the holding device, a safety projection on the slide is brought under the rear end of the hammer, and thereby locks the firing mechanism, which, unlike Felton's, remains locked while the cylinder is out of the frame. When the cylinder is returned to its position, the spring of the holding device, being stronger than the spring of the release slide, forces the release slide back against the pressure of the latter's spring and thereby unlocks the firing mechanism.

If the Felton patent could be construed to cover broadly the use of any safety device of any construction in a side-swing Colt revolver, or if there was any invention in applying a safety device to an automatically locking bolt in a side-swing revolver when a safety device had already been applied to an automatically locking bolt in a break-down revolver, there would be some force in the extended argument of complainant's experts and counsel as to the reversal of parts; but as Felton could not claim these ideas broadly, and is limited to the particular means shown in his patent, the mechanical dif-

ferences and differences in operation between the Felton device and the defendants' device are such that we must regard them as independent mechanical means for carrying out ideas familiar in the art.

I am of the opinion that the first claim does not set forth a patentable invention, but merely the use of an old combination to perform its old functions; that this claim is anticipated by the Galand French patent of addition; and that the defendants' revolver does not infringe claims 2 and 3 of the Felton patent when those claims are so limited as to cover only the actual features of novelty of the Felton patent and of the Felton safety device. The merits of the case seem clearly to be with the defendants.

The bill will be dismissed.